IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-00122-RM-SKC

FLECIA MARTIN,

    Plaintiff,

v.

SARA H. PERMAN,
KRISTEN E. NORDENHOLZ,
DAVID S. YOUNG,
RABERTA CAPP,
BONNIE L. KAPLAN, and
DAPHNE G. DAVID,

    Defendants.

---

## ORDER

---

This matter is before the Court on the April 12, 2019, recommendation of Magistrate Judge S. Kato Crews (ECF No. 54) to grant Defendant David's motion to dismiss (ECF No. 27). Plaintiff, proceeding pro se, has filed an objection to the recommendation (ECF No. 58). The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons given below, the Court overrules Plaintiff's objection, accepts and adopts the recommendation, and grants the motion to dismiss.

## I.     LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se, so the Court liberally construes her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court does not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

According to the complaint, Plaintiff was given inappropriate and harmful medications on February 2 and 10, 2015, at a medical center in Thornton, Colorado. The complaint alleges that Defendant David, who was the president and CEO of the medical center, negligently hired and trained emergency room staff and that she "must take responsibility for the medical malpractice performed by her staff." (ECF No. 14 at 9.) The other Defendants in this case have filed a separate motion to dismiss that has been referred to the magistrate judge. (ECF Nos. 55, 56.)

## III. DISCUSSION

The magistrate judge determined that Plaintiff failed to allege sufficient facts to support a claim for negligent hiring, supervision, and training against Defendant David because Plaintiff

failed to allege an employment relationship between Defendant David, who was sued individually, and the other Defendants. Moreover, the magistrate judge determined that the allegations did not establish that Defendant David owed Plaintiff a legal duty because the complaint did not explain how the other Defendants were unfit to be hired, how they were inadequately trained, or how Defendant David knew or should have known that hiring them would create an undue risk of harm to Plaintiff. The magistrate judge further determined that Plaintiff failed to allege sufficient facts that would support holding Defendant David vicariously liable for any torts allegedly committed by the other Defendants.

Plaintiff's objection consists of a somewhat rambling discussion of the fact that hospitals are frequently sued and a restatement of her perceived damages. It does not directly address any of these determinations by the magistrate judge or identify any additional facts to support her legal theories. The Court concludes that the magistrate judge's analysis was thorough and sound and discerns no clear error on the face of the record.

## IV. CONCLUSION

Therefore, the Court OVERRULES Plaintiff's objection (ECF No. 58), ACCEPTS and ADOPTS the magistrate judge's recommendation (ECF No. 54), and GRANTS Defendant David's motion to dismiss (ECF No. 27).

DATED this 22nd day of August, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge