IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-00122-RM-SKC

FLECIA MARTIN,

    Plaintiff,

v.

SARA H. PERMAN,
KRISTEN E. NORDENHOLZ,
DAVID S. YOUNG,
RABERTA CAPP, and
BONNIE L. KAPLAN,

    Defendants.

___

**ORDER**
___

This matter is before the Court on the January 30, 2020, recommendation of United States Magistrate Judge S. Kato Crews to grant Defendants' motion to dismiss. (ECF No. 78.) Plaintiff objects to the recommendation. (ECF No. 79.) Also before the Court are Defendants' motion to strike Plaintiff's second amended complaint or, alternatively, to dismiss it for the reasons stated in their previously filed motion to dismiss (ECF No. 75) and Plaintiff's motion to disqualify counsel (ECF No. 80). For the reasons below, the Court overrules Plaintiff's objection, accepts and adopts the recommendation, grants both Defendants' motions, and denies Plaintiff's motion as moot. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

In her amended complaint (ECF No. 14), Plaintiff asserts several discrimination and medical malpractice claims against Defendants stemming from an emergency room visit in February 2015.  In their motion to dismiss, Defendants argue that the Court lacks subject matter jurisdiction over this matter because they were employed by a public entity, the University of Colorado Hospital, and Plaintiff failed to comply with the Colorado Governmental Immunity Act ("CGIA").  Under the CGIA, "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment . . . shall file a written notice as provided in this section within one hundred eight-two days after the date of the discovery of the injury."  Colo. Rev. Stat. § 24-10-109(1).  Such written notice is "a jurisdictional prerequisite to any action brought under the provisions of" the CGIA.  *Id.*

Plaintiff concedes that she has not complied with the CGIA notice provisions.  In her objection, as in her previous pleadings, she continues to take the position that her ignorance of the law excuses her from complying with the CGIA.  However, as explained in the recommendation, her ignorance of the law is unavailing.  *See Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 854 (Colo. App. 2007).  Therefore, the Court agrees with the magistrate judge's recommendation that Defendants are entitled to dismissal of the claims against them.

While the Defendants' motion to dismiss was pending, and before the magistrate judge issued his recommendation, Plaintiff filed an amended complaint.  (ECF No. 74.)  Defendants have moved to strike the amended complaint because it does not comply with Fed. R. Civ. P. 15(a)(1)(b).  Under that rule, a plaintiff must obtain the opposing party's written consent or the court's leave to file an amended pleading if twenty-one days have passed since the original pleading or a responsive pleading was served.  The Court agrees with Defendants that striking

2

the amended complaint is warranted due to Plaintiff's failure to comply with this rule. Moreover, allowing the amended complaint would be futile in any event because it does not address Plaintiff's failure to comply with the CGIA.

In light of the Court's disposition of Defendants' motion to dismiss, Plaintiff's motion to disqualify counsel (ECF 80) is moot. Moreover, the motion reflects the same fundamental misunderstanding by Plaintiff that the Court addressed in a previous order. (ECF No. 62.)

Accordingly, the Court OVERRULES Plaintiff's objection (ECF No. 79), ACCEPTS and ADOPTS the magistrate judge's recommendation (ECF No. 78), and GRANTS Defendants' motion to dismiss (ECF No. 55). The Court also GRANTS Defendant's motion to strike (ECF No. 75), DENIES AS MOOT Plaintiff's motion to disqualify counsel (ECF No. 80), and directs the Clerk of the Court to CLOSE this case.

DATED this 20th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge